UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Richard Moulton

    v.                                    Civil No. 11-cv-391-PB

Carroll County Department of
Corrections, et al.


**O R D E R**

Defendants have filed paperwork (doc. no. 16) under seal in response to an order (doc. no. 14) issued by the court on September 13, 2011. Defendants have also filed a motion to clarify and compel (doc. no. 15).

I. Documents Provided Pursuant to Court Order

Richard Moulton has requested injunctive relief seeking certain dental care while he is incarcerated at the Carroll County Department of Corrections. The court held a hearing on the motion on September 9, 2011. After the hearing, the court deferred ruling on Moulton's request and instead directed defendants to schedule an appointment for Mr. Moulton to see a dentist for the purpose of conducting an examination and making an assessment of Moulton's dental needs. Defendants were directed to notify the court of the dentist's recommendations for treatment, whether defendants intended to follow those recommendations, and the basis upon which they declined to

follow any of the recommendations.  Further, defendants were directed to obtain the dentist's professional opinion as to whether extraction of any of Moulton's teeth is a reasonable treatment option, as well as the bases for the dentist's opinion.

   Defendants have substantially complied with the court's order by obtaining an evaluation appointment for Moulton with Dr. Christopher Kempton and by filing certain documents as directed by the court (doc. no. 16).  The documents provided to the defendants by the dentist contain information sought by the court.  The court notes that defendants, via a letter from Attorney Murray, have sought a supplemental report from the dentist, requesting information the court required but that has not yet been provided by the dentist.  The court finds that the information sought by Attorney Murray is necessary to obtain an appropriate resolution of this matter.  While all of the questions posed by Attorney Murray in his letter to Dr. Kempton are relevant and appropriately considered in a determination of this matter, the court is particularly concerned with what range of treatment options for each tooth Dr. Kempton would consider to be medically reasonable for Moulton <u>without</u> regard to Moulton's wishes regarding extraction and repair of his teeth.

   Accordingly, the court directs defendants to notify Dr. Kempton that the court is seeking to obtain the requested

information as soon as possible.[1]  Defendants shall file a status update regarding the same on or before November 2, 2011.

II.  Motion to Clarify and Compel

Defendants have filed a "Motion to Clarify and Compel" (doc. no. 15), and seek a court order directing that: (1) plaintiff consider all reasonable courses of treatment "for the purpose of this litigation"; (2) plaintiff direct Dr. Kempton to prepare a report of "**ALL** reasonable treatments for each tooth, **including the cost of each treatment**" (emphasis in original); and (3) provide defendant with additional time to respond to the court's September 13, 2011 Order (doc. no. 14) after ruling on this motion.

In support of the motion, defendants allege that plaintiff inappropriately spoke to Dr. Kemper about his wishes or made other comments to Dr. Kemper, that plaintiff has made misrepresentations to the court, and that plaintiff has violated the "spirit of the court order" by failing to consider extraction of his teeth as a reasonable treatment option. Defendants further complain that Moulton has "not allowed" Dr. Kemper to express his opinion as to reasonable treatment options.  Defendants also claim that because Moulton stated that he would have his dental work done on his own if he were

---

[1] Defendants may satisfy this portion of the order by providing Dr. Kempton with a copy of this order.

3

released on bail pretrial, that he is somehow using this litigation to undermine his criminal prosecution.

Defendants assertions are baseless and do not merit relief. The court finds that Moulton, by expressing his wish not to have reparable teeth extracted may have limited Dr. Kemper's willingness to actually extract the teeth, but has not hamstrung Dr. Kemper from having an opinion as to what treatments might be reasonable in the abstract, were Moulton's wishes not at issue. The court has already addressed the issue of obtaining that opinion from Dr. Kemper in this order. The court further finds that defendants' assertions regarding both plaintiff's alleged misrepresentations and his alleged motivation for engaging in this litigation are irrelevant to the resolution of his request for injunctive relief. For all of the foregoing reasons, the motion to clarify and compel (doc. no. 15) is DENIED.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  October 20, 2011

cc:  Richard Moulton, pro se
     Stephen A. Murray, Esq.

LMB:jba