UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Richard Moulton

   v.                                      Civil No. 11-cv-391-PB

Carroll County Department
of Corrections, et al.


**CORRECTED ORDER**[1]


    Before the court is Richard Moulton's complaint (doc. no. 1), filed pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his federal constitutional rights during his detention in the custody of the Carroll County Department of Corrections ("CCDC"), and a motion to amend the complaint (doc. no. 20).  The motion to amend is granted as it was filed at a time when plaintiff was entitled to amend the complaint as a matter of course.  See Fed. R. Civ. P. 15(a)(1).

    The complaint, as amended, is before the court for preliminary review to determine whether it states any claim upon which relief may be granted.  See 28 U.S.C. § 1915A(a) (requiring court to conduct preliminary screening of prisoner complaints); United States District Court for the District of

---

[1] The court initially issued an order granting the motion to amend the complaint (doc. no. 20) and directing service of the complaint.  The court now issues this corrected order to clarify what documents need be served by the U.S. Marshal's office.

New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of cases filed in forma pauperis by prisoners).[2]  The court construes the complaint to consist of all of the assertions contained in Moulton's filings in this matter to date, numbered in the docket as numbers 1, 4, 11, 18, 20 and 24.  Further, the court considers as part of the complaint documents filed in connection with the preliminary injunction hearing (doc. nos. 10, 16 and 23), as Moulton has not contested the validity or authenticity of those documents.  The court considers all of the above-referenced documents (doc. nos. 1, 4, 10, 11, 16, 18, 20, 23 and 24), in the aggregate, to be the complaint in this matter for all purposes.

For reasons fully discussed in a Report and Recommendation issued simultaneously with this Order, the court finds that Moulton has stated claims upon which relief might be granted against defendants Fowler, Johnson, and County Commissioners

---

[2] Moulton's original complaint (doc. no. 1) contains a request for preliminary injunctive relief.  That request was construed as a motion for a preliminary injunction.  Moulton also filed an additional motion seeking injunctive relief (doc. no. 24) which was construed as a supplement to the initial request for an injunction.  Moulton's request for injunctive relief (doc. nos. 1 and 24) have been referred to this Magistrate Judge for hearing, findings, and a recommendation as to disposition (doc. no. 5 and 25).  The court's recommended disposition of that request is included in the Report and Recommendation issued simultaneously with this Order.

David Sorenson, Asha Kenney, and Dorothy Solomonson, in their official capacities, alleging:

> 1. Defendants' violation of Moulton's Fourteenth Amendment right to adequate dental care to the extent he challenges the failure of the defendants to provide him with fillings for his cavities; and
>
> 2. A state law negligence claim challenging the defendants' failure to provide Moulton with fillings, root canals, and crowns.

The file contains summons forms completed by plaintiff. The Clerk's office is directed to issue the summonses and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; copies of the complaint (doc. nos. 1, 4, 11, 18, 20, 24)[3]; the Report and Recommendation issued this date; and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Jason Johnson, Michael Fowler as well as on Carroll County.[4] See Fed. R. Civ. P. 4(c)(3), 4(j)(2); N.H. Rev. Stat. Ann. § 510:10 (requiring service upon county be made by serving one of the county commissioners and

---

[3] The U.S. Marshal's office need not serve documents 10, 16, and 23, as they were initially filed by defendants under seal, and defendants are therefore in possession of the documents, and are also able to gain access to those documents through the court docket.

[4] Serving the County Commissioners in their official capacities is another way of serving Carroll County itself. Accordingly, in this order, service is directed on the County rather than on each individual Commissioner.

3

the treasurer for the county). Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Moulton is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

## Conclusion

The motion to amend the complaint (doc. no. 20) is granted. Service of the complaint (doc. nos. 1, 4, 11, 18, 20, 24) shall be effected as specified above.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: January 3, 2012

cc: Richard Moulton, pro se
 Stephen A. Murray, Esq.