UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Richard Moulton

    v.                                          Civil No. 11-cv-391-JL

Carroll County Department of
Corrections, et al.


**REPORT AND RECOMMENDATION**

Richard Moulton has filed a motion to amend his complaint (doc. no. 34) seeking to add an additional defendant and a retaliation claim to his pending civil rights action. Defendants object (doc. no. 38). For the reasons set forth herein, the court recommends that the motion be denied.


**Background**

Moulton initially filed a complaint seeking damages and injunctive relief against defendants, alleging, among other things, that he has been denied adequate dental care during his incarceration in the custody of the Carroll County Department of Corrections ("CCDC"). Moulton states that during his stint as a Carroll County inmate, he was initially housed at the Carroll County House of Corrections ("CCHC"). Moulton was transferred to the Rockingham County House of Corrections ("RCHC") on July

10, 2011, and then transferred to the Strafford County House of Corrections ("SCHC") on August 10, 2011.

Moulton alleged in his initial complaint that his transfer from the CCHC to the RCHC was punitive and done in retaliation for his repeated grievances and requests for dental care. In the complaint, Moulton asserted various adverse effects arising out of the transfer, including increased distance from his criminal and bankruptcy attorneys that made it difficult for Moulton to meet with them, and increased distance that interfered with visits from family and friends. Finding that Moulton had failed to allege sufficient facts to state a retaliation claim against the CCDC defendants for a retaliatory transfer, the court recommended that the retaliation claim against the CCDC officials be denied in the report and recommendation issued December 14, 2011 (doc. no. 26).

While Moulton was housed at the RCHC, the RCHC medical staff scheduled a dental appointment for Moulton on August 15, 2011. Moulton was transferred to the SCHC, however, on August 10, 2011, preventing him from attending that appointment. Moulton, in his initial complaint, claimed that CCDC officials transferred him from the RCHC to the SCHC so that they would not have to pay for his dental appointment in Rockingham County.

On September 9, 2011, this court held a hearing on Moulton's request for a preliminary injunction. At the hearing,

defendants' counsel advised the court that the RCHC had demanded that the CCDC transfer Moulton out of the RCHC due to Moulton's filing of grievances there.  As a result, the CCDC arranged Moulton's August 10, 2011, transfer to the SCHC.

While at the SCHC, before the September 9, 2011, hearing, Moulton saw a dentist.  The SCHC dentist examined Moulton and prescribed antibiotic medication, which was provided to Moulton to prepare Moulton to receive dental treatment.

Plaintiff now seeks to assert a claim, in light of the defendants' counsel's statements at the injunction hearing, that an unknown official at the RCHC refused to continue to house Moulton and arranged for Moulton's transfer in retaliation for Moulton's filing grievances at the RCHC.  Moulton claims he was harmed by the transfer to the SCHC because of the distance between the SCHC and Moulton's attorneys, family, and friends, and because he was denied his August 15, 2011, dental appointment.

**Discussion**

I.  Motions to Amend

Fed. R. Civ. P. 15(a) allows a pleading to be amended once as a matter of course within twenty-one days after service of the pleading or, if the pleading requires a response, within twenty-one days after service of a responsive pleading.  See Fed. R.

3

Civ. P. 15(a)(1).  In other circumstances, a party may amend its pleading with the court's leave, which the court "should freely give [] when justice so requires."  See Fed. R. Civ. P. 15(a)(2).  Moulton has already filed one motion to amend his complaint (doc. no. 20) which has been granted (doc. no. 27).

The court has discretion to deny a motion to amend "'for any adequate reason apparent from the record.'"  See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)).  "Futility of the amendment constitutes an adequate reason to deny the motion to amend."  Todisco, 497 F.3d at 98 (citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)).

II.   Retaliation Claim

The First Amendment shields prisoners from retaliation in response to their engaging in protected speech.  Ortiz v. Jordan, ___ U.S. ___, ___, 131 S. Ct. 884, 893 (2011) (citing Crawford-El v. Britton, 523 U.S. 574, 592 (1998)).  "[G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); see also Ferranti v. Moran, 618 F.2d 888, 892 n. 4 (1st Cir. 1980) ("actions

4

otherwise supportable lose their legitimacy if designed to punish or deter an exercise of constitutional freedoms").

In order to state a claim for retaliation for the exercise of his First Amendment rights, Moulton must allege: (1) the conduct which led to the alleged retaliation was protected by the First Amendment; (2) some adverse action at the hands of prison officials; and (3) a causal link between the exercise of Moulton's First Amendment rights and the adverse action taken.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011), cert. denied, ___ U.S. ___, No. 11-7348, 2012 WL 117653 (Jan. 17, 2012).

### A. Conduct Protected by the First Amendment

Moulton has a First Amendment right to file grievances and administrative complaints regarding the conditions of his confinement.  See Hightower v. Vose, 95 F.3d 1146, *1 (1st Cir. 1996) (unpublished table decision) (recognizing that First Amendment right to petition the government for a redress of grievances includes redress under prison grievance procedures). Moulton states that an official at the RCHC insisted on his transfer out of the RCHC in retaliation for his filing of administrative grievances at that facility.  Moulton has alleged that he engaged in conduct protected by the First Amendment and can thus demonstrate satisfaction of the first element of a retaliation claim.

B.  Adverse Acts

As stated above, to satisfy the second element of a retaliation claim, Moulton must show that the defendants took adverse action against him.  De minimis adverse actions addressed to an inmate do not suffice to form the basis of a First Amendment claim.  See Starr v. Dube, 334 F. App'x 341, 342 (1st Cir. 2009).  "[A]n adverse act is not de minimis if it would chill or silence a person of ordinary firmness from future First Amendment activities."  Id. (internal quotation marks and citation omitted).

Generally, a transfer of an inmate from one institution to another "does not constitute an adverse action since a transfer is merely an ordinary incident of prison life."  Jones v. Caruso, 421 F. App'x 550, 553 (6th Cir. 2011) (citation omitted).  Accordingly, "an alleged retaliatory transfer ordinarily should be characterized as de minimis."  Id. (internal quotation marks and citation omitted).  Courts have excepted from this general rule situations in which "foreseeable, negative consequences 'inextricably follow' from the transfer – such as the prisoner's loss of his high-paying job and reduced ability to meet with his lawyer."  Id. (citation omitted).

1.  Delay in Dental Appointment

Moulton alleges that his August 10, 2011, transfer to the SCHC caused him to miss a dentist appointment that had been scheduled in Rockingham County for August 15, 2011.  The record reveals that

6

Moulton saw a dentist and received treatment within several weeks of his arrival at the SCHC.  The record does not reveal that Moulton's scheduled August 15, 2011, appointment would have resulted in treatment actually being provided to him significantly earlier than what was provided to him in Strafford County.

There is no indication that Moulton suffered any detriment from the several weeks of delay in seeing a dentist, and nothing in the record, therefore, demonstrates that any RCHC official would have been able to foresee that negative consequences to Moulton's dental health would "inextricably follow" from his transfer to the SCHC.

The court cannot find that the brief delay in dental attention occasioned by the transfer was more than an ordinary incident of incarceration, or was sufficient to deter an inmate of ordinary firmness from exercising his First Amendment rights.  For these reasons, the delay in dental care does not suffice to allege more than a <u>de minimis</u> adverse act, and therefore is insufficient to support a retaliation claim.

### 2.   <u>Distance</u>

Moulton alleges that the transfer to the SCHC caused him to be farther away from his criminal and civil attorneys, located in Laconia and Wakefield, New Hampshire, respectively.  Moulton also claims that the additional distance has made it more difficult for

Moulton to receive visits from friends and family during his incarceration.

As defendants point out in their objection (doc. no. 38), the SCHC, located in Dover, New Hampshire, is actually closer to both Wakefield and Laconia than the RCHC, located in Brentwood, New Hampshire. See New Hampshire Atlas & Gazeteer 1 (11th ed., Delorme 1998).[1] Moulton cannot state that he was adversely impacted by an increase in distance that does not exist. The court finds therefore that the transfer did not constitute an adverse act on the basis of the distance between the jails and Moulton's attorneys.

Moulton does not state where his friends and family are travelling from in order to see him. Further, Moulton has not stated whether their ability to see him was in fact significantly impacted by the transfer, or whether the difference in travel time amounted to an inconvenience to them that did not result in significantly less visitation for him. Moulton has not alleged sufficient facts to allow the court to find that any impact on

---

[1] The court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The locations of cities and towns within the State of New Hampshire are facts amenable to being judicially noticed. See United States v. Foster, 662 F.3d 291, 295 n.6 (4th Cir. 2011) (taking judicial notice of a map); United States v. Proch, 637 F.3d 1262, 1266 n.1 (11th Cir. 2011) (same).

8

Moulton's receiving non-legal visits was more than de minimis, or was likely to chill an inmate of ordinary firmness from engaging in protected conduct. Accordingly, Moulton has not sufficiently alleged an adverse act relating to his family and friends' visits to satisfy the "adverse act" element of a retaliation claim.

Moulton has thus failed to show that the transfer to the SCHC constituted an adverse act, capable of deterring an inmate of ordinary firmness from exercising his First Amendment right to file grievances. Accordingly, Moulton has failed to assert a plausible retaliation claim against any RCHC official related to the transfer. See Starr, 334 F. App'x at 343.

III. Futility

Moulton's motion to amend does not assert any claim upon which relief might be granted. Granting the motion to amend would therefore be futile and "would serve no useful purpose." See Todisco, 497 F.3d at 98. Accordingly, the court recommends that the motion to amend (doc. no. 34) be denied.

**Conclusion**

For the foregoing reasons, Moulton's motion to amend (doc. no. 34) should be denied. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal

9

the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, ___ U.S. ___, No. 11-7382, 2012 WL 33578 (Jan. 9, 2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                              _____
                                              Landya McCafferty
                                              United States Magistrate Judge

January 31, 2012

cc:  Richard Moulton, pro se
     Stephen A. Murray, Esq.

LBM:jba