**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Richard Moulton

    v.                                     Civil No. 11-cv-391-JL

Carroll County Department
of Corrections, et al.


**SUPPLEMENTAL REPORT AND RECOMMENDATION**


    Before the court for consideration are the arguments raised

in the defendants' objection (doc. no. 32) to this court's

December 14, 2011, report and recommendation (doc. no. 26).  The

district judge has denied plaintiff's objections (doc. no. 39),

and has referred defendants' objection (doc. no. 32) to this

magistrate judge for "a supplemental report responding to the

specific arguments made by the county in support of its

objection."  The court considers each of defendants' arguments

below.

1.   Ground I - The Court's Findings of Fact are Contrary to the
     Evidence

    The first argument in the defendants' objection (doc. no.

32) is that the findings upon which the court based its

recommendation were "contrary to the evidence."  In particular,

defendants challenge the court's findings that defendants did

not agree to fill all of the teeth that Moulton's dentist had recommended filling, and that they did not explain why they had agreed only to fill a few of those teeth.  Defendants have asserted in their objection that they did not agree to fill all of Moulton's teeth because: (1) Moulton is a pretrial detainee who might be released prior to having all of his teeth filled, so that the County cannot be held responsible for filling all of them; (2) defendants intend to provide only reasonably necessary treatments, including pain treatment, and to reevaluate treatment on an ongoing basis; and (3) teeth cannot be filled if a patient is experiencing inflammation, infection, or discomfort, and "to the best of the defendants' knowledge and belief, [Moulton's teeth] continue to suffer from infection and/or discomfort despite treatment with antibiotics and anti-inflammatory drugs."

The court notes, initially, that the defendants' objection rests almost entirely on information not before the court at the time of the preliminary injunction hearing, not submitted to the court until the filing of this objection, and unsupported by anything except the defendants' attorney's affidavit that he believes the assertions to be true.  To the extent defendants argue that the court misapprehended their intent, the court

finds that there was no ambiguity in the County's November 1,
2011, letter stating it would authorize fillings in three teeth.
The County now asserts for the first time that when it expressed
a willingness to fill three of the sixteen teeth at issue, it
actually meant that it would provide all reasonably necessary
treatments.  Such unsupported assertions are insufficient to
alter the court's recommendation, which was based on evidence
and documents submitted by the County.

The defendants have demonstrated and expressed reluctance
to commit to provide treatment to Moulton due to the uncertainty
of Moulton's release date.  Defendants' concern is that they
will be obligated to continue to provide treatment to Moulton
after he is released.  There is no suggestion in the court's
recommendation, however, that the County would be expected or
obligated to provide dental care to Moulton after his release
from the Carroll County Department of Corrections ("CCDC").
Nonetheless, the court will clarify its recommended injunction
to include the sentence: "Any obligations imposed on the CCDC by
this injunction will terminate upon Moulton's release from
incarceration."

Defendants assert that Moulton's teeth cannot be filled
because of Moulton's continuing unwillingness to have certain

teeth extracted, and the existence of infection, inflammation, and pain in Moulton's mouth.  These assertions were not before the court at the time it issued the report and recommendation and are not at this time supported by any evidence or documentary corroboration.  The statements in the defendants' objection and the unsupported averments of counsel in his affidavit do not warrant reconsideration of the court's recommendation for an injunction.

2.   <u>Ground 2 – The Timing is Not Appropriate for Injunctive Relief</u>

Defendants argue that the issue of filling Moulton's teeth is not yet ripe for adjudication because it is as yet unknown how plaintiff will respond to pre-filling dental treatments, and whether Moulton will remain incarcerated at the CCDC.  The court's December 14, 2011, recommendation was based on its findings of a demonstrated need for dental care already necessary at that time.  Further, the recommended injunction addresses the timing issue by requiring that the CCDC provide dental treatment only as deemed medically appropriate by a dentist.  Accordingly, should dental care that is recommended now become medically inadvisable in the future, for any reason, the proposed injunction would not obligate the CCDC to provide

such care.  The court has already addressed the issue concerning

Moulton's indeterminate tenure at the CCDC through the proposed

clarification of the injunction, as set forth above.

Defendants reassert arguments that they made in their

underlying objection to plaintiff's motion for a preliminary

injunction.  Defendants suggested that, in order to obtain

fillings through the CCDC medical request and grievance process,

plaintiff was obliged to refile his requests for fillings by

omitting requests for reparative work, then filing separate

requests, complaints, or grievances to garner authorization for

fillings.  That argument was addressed in the report and

recommendation and found to be without merit, and need not be

readdressed.

3.   Ground 3 – The "Challenged Conduct" Has Not Caused
     "Irreparable Harm"

Defendants argue that because Moulton initially requested

an injunction to obtain fillings and root canals, he was bound

to demonstrate that both the lack of fillings and the County's

refusal to pay for root canals caused him irreparable harm, in

order for an injunction to issue.  The court, however, limited

its findings concerning irreparable harm to the CCDC's failure

to fill cavities, and designed the injunction only to require

medically necessary dental care on certain teeth.  Nothing in

the defendants' objection provides any reason to revisit that recommendation.

4.    Ground 4 – Filling of Minor Cavities Undermines the Public Interest

The court recommended an injunction that, if approved, will require the CCDC to provide dental care deemed necessary by a dentist.  If plaintiff has a minor cavity that it is not medically necessary to fill, nothing in the recommended injunction would require the CCDC to provide such a filling.

Defendants also reassert their previously rejected argument that providing dental care for minor problems leads to people trying to get arrested and jailed for minor offenses in order to get dental work done.  To bolster that argument, defendants have cited, but have not provided to this court, a motion to continue filed in Moulton's criminal case, which is based, at least in part, on Moulton's anticipated dental work.  Whether or why Moulton attempted to continue his criminal case is irrelevant to his present need for dental care.  The court stands on its previous findings concerning the public policy implications of the recommended injunction.

5.   Ground 5 – The Injunction Is Not Narrowly Drawn

Defendants object on the basis that an injunction should

"extend no further than necessary" to correct the harm.  The

court's recommended injunction, if approved, would require the

CCDC to provide only medically necessary dental work.  The

defendants' argument, made for the first time in the instant

objection, that filling certain cavities is unnecessary based on

the United States Marshals Service's Prisoner Health Care

Standards, is irrelevant to this court's findings of medical

necessity and the injunction at issue.

6.   Ground 6 – Willingness To Provide Care

Defendants argue that they are willing to provide some

dental care.  While not included in the objection, defendants

have filed as an exhibit to another objection filed in this case

(doc. no. 45), documents from Moulton's dentist indicating that

CCDC officials diligently scheduled dental appointments for

Moulton in January 2012, but that for reasons beyond the control

of the parties, those appointments could not be kept.  A letter

from the dentist indicates that another appointment has been

scheduled for Moulton, and that he is on a list to be seen

sooner by the dentist if an appointment becomes available.  Due

to this apparent willingness to schedule an appointment as soon

7

as possible, the court now finds that the first portion of the
recommended injunction, reproduced below, is unnecessary:

    1.   Within fourteen days of the date of this order,
defendants shall schedule the first available appointment with
Dr. Kempton, or another suitable dentist, to obtain dental
treatment for Moulton.

## Conclusion

Upon consideration of the defendants' objection to the
court's report and recommendation, the court, for the reasons
discussed herein, finds that nothing in the objection alters its
recommendation made in the December 14, 2011, report and
recommendation (doc. no. 26) in this matter, with two
exceptions:

    1.   The court finds that the first paragraph (numbered 1)
of the recommended injunction is unnecessary and should be
omitted from the injunction if the District Judge elects to
adopt the court's recommendation that an injunction issue.

    2.   The injunction should be modified to include the
following sentence: "Any obligations imposed on the CCDC by
this injunction will terminate upon Moulton's release from
incarceration."

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 181 L. Ed. 2d 768 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

February 21, 2012

cc:  Richard Moulton, pro se
     Corey M. Belobrow, Esq.
     Stephen A. Murray, Esq.

LBM:jba