UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Richard Moulton

    v.                                    Civil No. 11-cv-391-JL

Carroll County Department
of Corrections et al.


**O R D E R**

Before the court is Richard Moulton's motion for appointment of counsel (doc. no. 47). Defendants object (doc. no. 48). The motion is conditionally granted, as explained herein.

**Background**

Richard Moulton is presently an inmate at the New Hampshire State Prison who was previously housed at the Carroll County Department of Corrections ("CCDC"). In this action, Moulton seeks injunctive relief and damages for the alleged failure of CCDC officials to provide him with adequate dental care while Moulton was housed at the CCDC. The court has directed service of the complaint in this matter (doc. no. 27). The court has also conducted a hearing on Moulton's request for preliminary injunction, and recommended the issuance of an injunction directing defendants to provide certain dental care to Moulton

(doc. nos. 26 and 50). The district judge has not yet ruled on the recommendation.[1]

Moulton, who has proceeded pro se in this matter thus far, asserts that he is unable to adequately represent himself in this action due to his lack of legal training and the complexity of the issues in this case. Moulton further states that he is unable to afford to retain an attorney and has not been able to obtain counsel on his own.

## Discussion

While there is no absolute constitutional right to free representation in a civil case, DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991), this court has statutory authority, in its discretion, to request that counsel represent an indigent plaintiff. See 28 U.S.C. § 1915(e)(1); Doherty v. Donohoe, No. 12-10125-NMG, 2012 WL 381249, *2 (D. Mass. Feb. 2, 2012). No funds are generally available, however, to pay counsel's fees or costs in such circumstances. See Ruffin v. Brann, No. CV-09-87-B-W, 2010 WL 500827, *1 (D. Me. Feb. 8, 2010). The court has no

---

[1] Since the report and recommendation in this matter issued, the court has been notified that Moulton is no longer at the CCDC and has been transferred to the New Hampshire State Prison. In an order issued this date, the district judge has directed plaintiff to show cause why the request for injunctive relief against CCDC officials should not be denied as moot.

authority to require counsel to represent a pro se litigant. See id.

The court may appoint counsel if an indigent plaintiff demonstrates that there are "exceptional circumstances," such that a "denial of counsel [is] likely to result in fundamental unfairness." DesRosiers, 949 F.2d at 23.

> The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: [1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case.

Doherty, 2012 WL 381249 at *2 (internal quotation marks and citation omitted). To make a determination on Moulton's request for counsel, this court thus considers all of the relevant circumstances, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See id.

At this point, the court concludes that appointment of counsel is appropriate, given the nature of the allegations, the potential merits of the case, and that there is some inherent complexity in the litigation of a case such as this, requiring medical knowledge and research, expert witnesses, and factual

3

investigation.  Therefore, in an exercise of its discretion, the court grants the motion (doc. no. 47) for appointment of counsel, on the condition that suitable counsel may be identified and is available and willing to take this matter on a pro bono basis.

The clerk's office shall contact suitable counsel, selected from the list of attorneys registered to file documents electronically in this court, and request that counsel represent Moulton in this matter.  Counsel shall be notified that she or he may decline the requested appointment and that the appointment is pro bono.  Further, upon request of counsel, the clerk's office is authorized to forward to counsel a copy of the pleadings and other documents in this case.  Counsel, upon request, may have fourteen days to review the documents in the case and, if she or he wishes, to visit and speak with Mr. Moulton at the prison before making a decision as to whether or not to accept an appointment in this matter.

If the court is unable to secure counsel willing to represent Moulton pro bono in this matter by April 2, 2012, Moulton shall receive prompt notice thereof.  No other matter in the case need by delayed or deferred in the meantime.

**Conclusion**

For the foregoing reasons, the motion for appointment of counsel (doc. no. 47) is granted, conditioned on the availability and willingness of suitable counsel to represent Moulton on a pro bono basis.

The clerk shall notify Moulton by April 2, 2012, whether suitable representation has been secured.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  March 12, 2012

cc:  Richard Moulton, pro se
     Stephen A. Murray, Esq.
     Corey M. Belobrow, Esq.


LBM:jba